## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | § § § § § § § § | CASE NO: 19-12440 |
| ANDREW BLANCHARD and CHRISTINE BLANCHARD, *Debtors.* | | CHAPTER 11 |
| | | SECTION A |

### ORDER AND REASONS

Andrew and Christine Blanchard (the "Debtors"), filed for bankruptcy relief under chapter 11 of the Bankruptcy Code on September 10, 2019. [ECF Doc. 1]. On April 21, 2020, the United States Trustee ("UST") filed a motion pursuant to § 1112(b) of the Bankruptcy Code to convert the case to chapter 7 or, alternatively, to dismiss the case (the "Motion To Convert"). [ECF Doc. 87]. On April 29, 2020, the Debtors amended their voluntary petition and elected to proceed under The Small Business Reorganization Act (the "SBRA"), 11 U.S.C. §§ 1181–1195, a law effective as of February 19, 2020, which created a new subchapter V to chapter 11 and "offers small business debtors, including individuals, a streamlined process and tailored tools for confirming a plan." *In re Trepetin*, No. 20-11718, 2020 WL 3833015, at *1 (Bankr. D. Md. July 7, 2020). The UST filed a *Supplemental Memorandum and Objection to Debtors' Election To Proceed as a Subchapter V Debtor*, arguing that allowing the Debtors to proceed under the SBRA after existing in chapter 11 for eight months with no real progress toward reorganization would "permit[] them to bypass deadlines applicable in their existing case and those which would now be long overdue in a subchapter V small business debtor case." [ECF Doc. 102].

The Debtors filed a response to the Motion To Convert and the UST's supplemental memorandum, citing the court's reasoning in *In re Progressive Solutions, Inc.*, No. 8:18-BK-

14277, 2020 WL 975464 (Bankr. C.D. Cal. Feb. 21, 2020), that would allow them to proceed under the SBRA. [ECF Doc. 104]. A creditor, WBL SPO I, LLC ("WBL"), filed for joinder in the Trustee's Motion To Convert (the "Joinder"), [ECF Doc. 110], as well as a *Memorandum on Debtors' Claimed Status as Small Business Debtors, in Support of the United States Trustee's Motion To Convert, and in Support of the United States Trustees' Objection to Debtors' Election To Proceed as a Subchapter V Debtor*. [ECF Doc. 111]. WBL asserted that the Debtors, could not proceed under the SBRA as they are not "engaged in commercial or business activities," as required by the statute. *See id*. at 4–5. WBL argued that an individual debtor with debt resulting from the individual debtor's guarantee of commercial or business loans to a separate entity in which the individual debtor has a controlling interest does not qualify the individual debtor to be a debtor under the SBRA. Rather, for such an individual debtor to qualify under the SBRA, the separate legal entity must also be a debtor, of which the individual debtor may be an affiliate under § 1182(1)(A). *See id.* at 8–10. The Debtor filed a response to those arguments, [ECF Doc. 113], and also moved to dismiss the case in order to re-file the case under the SBRA, a move to which the UST agreed it would not object, (the "Motion To Dismiss"). [ECF Doc. 115].

This Court held oral argument on the Motion To Convert on June 11, 2020; afterward, the Debtors filed a brief and affidavit on the issue of whether they, as individuals, are eligible to be small business debtors under the SBRA, [ECF Docs. 119 & 122], and WBL filed a response on the same, [ECF Doc. 124]. This Court held oral argument on that issue on June 24, 2020, and continued the Motion To Convert and Motion To Dismiss, granting parties in interest leave to file supplemental briefs by July 1, 2020. On July 1, 2020, Dwayne M. Murray, appointed subchapter V trustee, filed a memorandum on the issue of whether these Debtors could qualify as debtors under the SBRA. [ECF Doc. 132].

Based upon the pleadings, the record, and the arguments of counsel, and applicable law, for the reasons that follow, this Court DENIES the Trustee's Motion To Convert and WBL's Joinder, DENIES AS MOOT the Debtor's Motion To Dismiss, and will allow the Debtors to proceed under the SBRA.

## JURISDICTION AND VENUE

This Court has jurisdiction to grant the relief provided for herein pursuant to 28 U.S.C. § 1334. The matter presently before the Court constitutes a core proceeding that this Court may hear and determine on a final basis under 28 U.S.C. § 157(b). The venue of the Debtors' chapter 11 case is proper under 28 U.S.C. §§ 1408 and 1409(a).

## DISCUSSION

"When a debtor's eligibility to file under a particular chapter of the Bankruptcy Code is challenged, the burden is upon the debtor to establish such eligibility." *In re Wright*, No. 20-1035, 2020 WL 2193240, at * 2 (Bankr. D.S.C. Apr. 27, 2020) (quoting *In re Voelker*, 123 B.R. 749, 750 (Bankr E.D. Mich. 1990)). In pertinent part, under the SBRA, a debtor:

> (A) subject to subparagraph (B), means a person engaged in commercial or business activities (including any affiliate of such person that is also a debtor under this title and excluding a person whose primary activity is the business of owning single assets real estate) that has aggregate noncontingent liquidated secured and unsecured debts as of the date of the filing of the petition or the date of the order for relieve in an amount not more than $7,500,000 (excluding debts owed to 1 or more affiliates or insiders) not less than 50 percent of which arose from the commercial or business activities of the debtor; and
>
> (B) does not include—
>
> > (i) any member of a group of affiliated debtors that has aggregate noncontingent liquidated secured and unsecured debts in an amount greater than $7,500,000 (excluding debt owed to 1 or more affiliates or insiders) . . . .

11 U.S.C. § 1182(1).

The Debtors here do not seek affiliate status and are not affiliates as defined in the Code; rather, Debtors contend that they have independent status as small business debtors "engaged in commercial or business activities." [ECF Doc. 119, at 7]. Citing unrefuted affidavits and schedules they filed into the record, as well as proofs of claim filed by creditors in this case, the Debtors declare that:

1. They are sole owners of Pearl Inc. d/b/a Indian Ridge Shrimp Company ("Pearl"), a shrimp-processing company, [ECF Docs. 122 & 129];

2. They are sole members of A & C Cajun Distributors, LLC, ("Cajun Distributors"), a snack-vending operation, *see id.*;

3. They own Lagniappe Cajun Farms, LLC, ("Lagniappe"), a company that produces commercially sold pickled quail eggs, *see id.*;

4. Co-debtor Andrew Blanchard holds 49% of the membership interests in Bayou Blue Hemp, LLC, a farming operation, *see id.*;

5. They own and rent two properties from which they receive rental income, *see id.*;

6. Their business debts stem from personal guarantees of Pearl's debt and nine other businesses, and from mortgages on their rental properties, [ECF. Doc. 122]; and

7. The Claims Register as of June 17, 2020, reflects debts associated with commercial or business activities in the amount of $1,110,714.04 and consumer debts in the amount of $290,712.73. [ECF Doc. 119].

WBL interprets the language in the statute that defines a "debtor" as "a person engaged in commercial or business activities" to require a debtor to be currently engaged in commercial or business activities. [ECF Doc. 124, at 1–2 (citing 11 U.S.C. § 1182(a)(A))]. As the Subchapter V Trustee observes, however, the statute neither qualifies "engaged in" as currently nor formerly "engaged in." [ECF Doc. 132, at 4]. This Court adopts here the reasoning of the *Wright* court, finding that "[a]lthough the brief legislative history of the SBRA indicates it was intended to

improve the ability of small businesses to reorganize and ultimately remain in business, nothing therein, **or in the language of the definition of a small business debtor**, limits application to debtors currently engaged in business or commercial activities." *In re Wright*, 2020 WL 2193240, *3 (emphasis added); *see also In re Bonert*, No. 2:19-BK-20836, 2020 WL 3635869, at *5 (Bankr. C.D. Cal. June 3, 2020). As is evidenced in the record, a majority of the Debtors' debts stem from operation of both currently operating businesses and non-operating businesses, and those debts do not exceed the SBRA's debt limit. [ECF Docs. 122 & 129]. Therefore, this Court finds that the Debtors qualify as small business debtors under the SBRA. *See In re Bonert*, 2020 WL 3635869, at *5 (finding proper a debtor's election to proceed under the SBRA to address the debtors' liabilities stemming from their prior operation of a bakery); *In re Wright*, 2020 WL 2193240, at *3 (finding that debtor who sought to address residual business debt he incurred from non-operating companies to be "engaged in commercial or business activities" without reliance on a coexistent case).

       The UST's primary objections to allowing the Debtors to proceed now under the SBRA after filing their initial petition approximately ten months ago are procedural in nature. The UST made good arguments regarding the practicality and scheduling issues associated with an SBRA designation of a pending case. But "there are no bases in law or rules to prohibit a resetting or rescheduling of these procedural matters." *In re Progressive Solutions, Inc.*, No. 8:18-BK-14277, 2020 WL 975464, at *5 (Bankr. C.D. Cal. Feb. 21, 2020). The UST also advanced a legitimate due process argument that advocated for the vested rights of any creditors whose interests would be jeopardized by a SBRA conversion. This Court allowed the opportunity for any such creditors to come forward; however, none did so. As observed by the *Progressive Solutions* court, "the whole, the entire whole, of the legislative history and statements of Congress teaches the Court

5

that the primary purpose of the SBRA is to promote successful reorganizations using the tools that are now available under current law." *Id*. Therefore, this Court will allow the Debtors to proceed in reorganizing under the SBRA.

## CONCLUSION

Based on the foregoing, this Court (1) **DENIES** the UST's Motion To Convert and WBL's Joinder and (2) **DENIES AS MOOT** the Debtor's Motion To Dismiss.

New Orleans, Louisiana, July 16, 2020.

MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE